IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE L. OLIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-00558 |
| v. ) | |
| ) | |
| FREEDMAN ANSELMO LINDBERG LLC and ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | Judge Robert W. Gettleman |
| L.L.C., ) | |
| ) | Magistrate Young B. Kim |
| Defendants. ) | |

**FREEDMAN ANSELMO LINDBERG, LLC'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant FREEDMAN ANSELMO LINDBERG LLC by and through its attorneys Justin M. Penn and Jonathon D. Drews of Hinshaw & Culbertson LLP and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**ANSWER:** Defendant admits that plaintiff's complaint purports to state claims under the FDCPA, but denies that it violated the FDCPA or any other law, denies that the Plaintiff has been damages or is entitled to recover anything, and denies the remaining information contained in Paragraph 1.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

**ANSWER:** Subject to its Affirmative Defenses, Defendant does not contest jurisdiction.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** Defendant does not contest venue.

## PARTIES

4. George is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 3 because it does not know where Plaintiff currently resides.**

5. At all times relevant to the action, Freedman was an Illinois law firm with its principal office located at 1771 West Diehl Road, Suite 150, Naperville, Illinois 60563 and its registered agent is Thomas J. Anslemo [*sic*] located at 1771 West Diehl Road, Suite 150, Naperville, Illinois 60563.

**ANSWER:** **Defendant admits the information contained in Paragraph 5.**

6. Freedman is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** **Defendant admits that it acts as a debt collector as defined by the FDCPA in many instances and for many purposes. Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to whether it acted as a debt collector with respect to the Plaintiff because it does not know the nature of the Plaintiff's underlying debt.**

7. At all times relevant to the action, Portfolio was a Delaware corporation with its principal office located at 120 Corporate Boulevard, Norfolk, Virginia 23502 and with its registered agent located at Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:** **Defendant objects to the allegations of Paragraph 7 of Plaintiff's Complaint to the extent they are not directed at Freedman. If a response is deemed**

necessary, **Defendant states that upon reasonable inquiry, the information known and readily accessible to Defendant renders it unable to admit or deny the truth of the allegations of Paragraph 7 of Plaintiff's Complaint.**

8. Portfolio is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER:** **Defendant objects to the allegations of Paragraph 8 of Plaintiff's Complaint to the extent they are not directed at Freedman. If a response is deemed necessary, Defendant states that upon reasonable inquiry, the information known and readily accessible to Defendant renders it unable to admit or deny the truth of the allegations of Paragraph 8 of Plaintiff's Complaint.**

## FACTS SUPPORTING CAUSE OF ACTION

9. Portfolio has been attempting to collect, from George, an alleged consumer debt in the amount of $2,091.78.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 9.**

10. On January 23, 2014, Freedman, on behalf of Portfolio, filed a complaint in the Circuit Court of Cook County, Illinois against George. The case was captioned *Portfolio Recovery Associates, L.L.C. v. George L. Oliver* case number 2014 Ml 103445 ("Collection Case"). See Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:** **Defendant admits the information contained in Paragraph 10.**

11. Freedman filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:** **Defendant admits the information contained in Paragraph 11.**

12. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. See Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:** **Defendant admits the information contained in Paragraph 12.**

131006064v1 3007

13.     Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:     Defendant admits the information contained in Paragraph 13.**

14.     Cases filed in the First Municipal District are identified by the abbreviation "Ml."

**ANSWER:     Defendant admits the information contained in Paragraph 14.**

15.     George resides at 15700 Marshfield Avenue, Harvey, Illinois 60426.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 15 because it does not know where Plaintiff currently resides.**

16.     Harvey, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District. *Id.*

**ANSWER:     Upon information and belief, admit.**

17.     The Markham Courthouse is the courthouse that serves the Circuit Court of Cook County's Sixth Municipal District. *Id.*

**ANSWER:     Defendant denies the information contained in Paragraph 17 accurately characterizes the nature of the judiciary.**

18.     The Richard J. Daley Center Courthouse is 24 miles from George's home.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 18 because it does not know where Plaintiff currently resides.**

19.     In contrast, the Markham Courthouse is 3.4 miles from George's home.

**ANSWER:     Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 19 because it does not know where Plaintiff currently resides.**

20.     In order for George to travel to the Markham Courthouse from his home, he would merely have to drive on Wood Street West 167th Street and park in the free parking lot at the Markham Courthouse.

**ANSWER:** Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 20 because it does not know where Plaintiff currently resides.

21. According to Google Maps, the trip would take about 7 minutes.

**ANSWER:** Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 21 because it does not know where Plaintiff currently resides.

22. In order for George to travel to the Richard. J. Daley Center Courthouse, he must take Interstate 57 North to Chicago, locate expensive parking for his vehicle, and make his way there either on foot or via taxi.

**ANSWER:** Defendant denies the information contained in paragraph 22 of Plaintiff's Complaint.

23. According to Google Maps, this trip will take 30 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

**ANSWER:** Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 23 because it does not know where plaintiff currently resides.

24. The courthouse closest to George's home is the Markham Courthouse.

**ANSWER:** Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 24 because it does not know where Plaintiff currently resides.

## COUNT I -- VIOLATION OF THE FDCPA AGAINST FREEDMAN

25. George repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

5

**ANSWER:** **Defendant repeats and realleges its responses to Paragraphs 1 through 24 as though fully set forth herein**

28. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant objects to the information in Paragraph 26 to the extent it calls solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the information in Paragraph 26.**

27. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **Defendant objects to the information in Paragraph 27 to the extent it calls solely for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the information in Paragraph 27 accurately characterizes the law at the time the lawsuit against plaintiff was filed.**

28. The closest courthouse to George's home is the Markham Courthouse.

**ANSWER:** **Upon reasonable inquiry, the knowledge and information readily available to Defendant renders it unable to form a belief as to the information contained in Paragraph 28 because it does not know where Plaintiff currently resides.**

29. Freedman violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 20.6 miles further from George's home than the Markham Courthouse.

**ANSWER:** **Defendant objects to the allegations of Paragraph 29 of Plaintiff's Complaint to the extent it calls solely for legal conclusions to which no response is required. If a response is deemed necessary, Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.**

30. Freedman sued George, on behalf of Portfolio, at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:** **Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.**

31. Freedman's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** **Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.**

### COUNT II -- VIOLATION OF THE FDCPA AGAINST PORTFOLIO

32. George repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

**ANSWER:** **The allegations contained in Paragraph 32 are not directed at Freedman and thus no response therefore is required.**

33. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **The allegations contained in Paragraph 33 are not directed at Freedman and thus no response therefore is required.**

34. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **The allegations contained in Paragraph 34 are not directed at Freedman and thus no response therefore is required.**

35. The closest courthouse to George is the Markham Courthouse.

**ANSWER:** **The allegations contained in Paragraph 35 are not directed at Freedman and thus no response therefore is required.**

36. Portfolio violated 15 U.S.C. §1692i(a)(2) when Freedman filed the Collection Case on behalf of Portfolio at the Richard J. Daley Center Courthouse, a location some 20.6 miles further from George's home than the Markham Courthouse.

7

**ANSWER:** The allegations contained in Paragraph 36 are not directed at Freedman and thus no response therefore is required.

37. Portfolio directed Freedman to sue George at a remote courthouse in order to discourage him from appearing and defending the Collection Case.

**ANSWER:** The allegations contained in Paragraph 37 are not directed at Freedman and thus no response therefore is required.

38. Portfolio's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** The allegations contained in Paragraph 38 are not directed at Freedman and thus no response therefore is required.

### Affirmative Defenses

*First Affirmative Defense - Standing*

For its First Affirmative Defense, defendant asserts that plaintiff lacks standing to bring the instant claims because plaintiff has no injury in fact, and thus he has no standing under Article III of the United States Constitution.

*Second Affirmative Defense – Bona Fide Error*

For its Second Affirmative Defense, Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA. Here, Defendant relied, in good faith, upon the Seventh Circuit's ruling in *Newsome v. Friedman*, 76 F.3d 813 (7th Cir. 1996) which allowed collection lawsuits, such as the one at issue here, to be filed in the Cook County First Municipal District reasoning that Illinois Circuit Courts constitute judicial districts as defined by the FDCPA, but municipal department

districts do not. *Newsome*, 76 F.3d at 819-829. Not only did Defendant rely on this precedent, counsel for the Plaintiff relied on the same precedent for which they are now seeking damages. Plaintiff's counsel has brought numerous FDCPA claims and has never claimed damages for this alleged violation. Defendant also acted in accordance with the Circuit Court of Cook County's encouragement and structure designed to accommodate a large volume of lawsuits in Municipal I Division. In fact, the County's own website refers to "Collection Court" as being part of the Municipal I Division. *See:*

http://www.cookcountycourt.org/ABOUTTHECOURT/MunicipalDepartment/FirstMunicipalDistrictChicago.aspx. Therefore, any alleged violation of 15 U.S.C. §1692i occurred as a result of a bona fide error.

WHEREFORE, Defendant, FREEDMAN ANSELMO LINDBERG, LLC, respectfully requests that this Court dismiss the Complaint in its entirety and grant such other and further relief in their favor as the Court deems just and proper.

    Respectfully submitted,

    FREEDMAN ANSELMO LINDBERG, LLC,
    Defendant

    */s/ Jonathon D. Drews*
    Jonathon D. Drews

Justin M. Penn
Jonathon D. Drews
Hinshaw & Culbertson LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
E-mail :jdrews@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 24, 2015, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois Eastern Division, the foregoing **Freedman Anselmo Lindberg, LLC's Answer and Affirmative Defenses to Plaintiff's Complaint** by using the CM/ECF system, which will send notification of such filing(s) to:

Paul M. Bach
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
E-mail: paul@bachoffices.com

                                                */s/ Jonathon D. Drews*
                                                    Jonathon D. Drews

131006064v1 3007